IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA
(TAMPA DIVISION)

JAMES RAPER,

Plaintiff,

-vs-

CASE NO.: 8:12-CV-2591-T-30AEP

WORLDMARK, THE CLUB
INCORPORATED,

Defendant.
_____/

## COMPLAINT

1.  Plaintiff, JAMES RAPER, by and through his undersigned counsel, sues the Defendant, WORLDMARK, THE CLUB INCORPORATED, and in support thereof respectfully alleges the following:

2.  Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

3.  This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and cost.

4.  Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§1331, 1332 and 15 U.S.C. § 1692K(d).

5.  Venue is proper in this District because the acts and transactions and the alleged violations described herein occurred in Pasco County, Florida.

### FACTUAL ALLEGATIONS

6.  Plaintiff is a natural person, and citizen of the State of Florida, residing in Pasco County, Florida.

7. Plaintiff is a "consumer" as defined in 15 U.S.C. §1692(a)(3).

8. Defendant is a corporation and a citizen of the State of New Jersey with its principal place of business at 210 Sylvan Avenue, Englewood Cliffs, New Jersey, 07632.

9. Defendant is a "debt collector" as defined by 15 U.S.C §1692(a)(6). Defendant sought to collect a debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt."

10. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1) and 15 U.S.C. §1692(a)(4).

11. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass, all in an effort to collect the subject debt.

12. Each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

13. Each call the Defendant made to the Plaintiff's cellular telephone number was done so without the "express permission" of the Plaintiff.

14. In approximately June, 2012, Plaintiff began receiving prerecorded automated calls from Defendant on his cellular telephone number, (813) 469-0074, concerning a debt which Plaintiff had no knowledge of. Additionally, the prerecorded automated messages asked for a "Dewayne or Ida Mandez" whom Plaintiff has no knowledge of.

2

15. After receiving several of these prerecorded automated calls from Defendant, on or about June 3, 2012, Plaintiff was able to speak with a "live" representative and told the Defendant's representative that he was not the person Defendant was attempting to contact.

16. Despite informing Defendant that he was not the person Defendant was attempting to contact, the automated calls to Plaintiff's cellular phone continued. Plaintiff then, in or about June of 2012, followed the automated messages instructions to notify Defendant that he was not the person(s) Defendant was attempting to contact; however, the calls from Defendant, continued approximately two to three times a day.

17. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

18. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse.

19. Upon information and belief, Plaintiff received approximately two hundred (200) calls from Defendant, from June, 2012 through October, 2012, which are continuing through the filing of this Complaint.

20. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

21. Defendant's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

22. Defendant has a corporate policy to harass and abuse individuals and has set up their call-back system in a manner which makes it virtually impossible for the automated calls to stop.

23. Defendant has harassed and abused Plaintiff, in an effort to collect the subject debt, by knowingly employing methods that did not permit the cessation of calls to the Plaintiff.

24. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

25. Due to Defendant's constant calls and demands for payment and/or demands for location information for individuals other than Plaintiff, Plaintiff has suffered actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

26. Plaintiff incorporates Paragraphs one (1) through twenty-five (25).

27. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

28. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

29. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest, attorney's fees, and any other such relief the court may deem just and proper.

## COUNT II
### (Violations of the FDCPA)

30. Plaintiff incorporates Paragraphs one (1) through twenty-five (25).

31. At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

32. Defendant has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

33. Defendant has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass the Plaintiff at the called number.

34. Defendant has violated 15 U.S.C. §1692(e)(2)(a) by attempting to collect on a debt from the Plaintiff which he does not owe.

35. Defendant has violated 15 U.S.C. §1692(f) by using unfair an unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692(a)(2)(A), actual damages pursuant to 15 U.S.C. § 1692K(a)(1), costs, interest, attorney's fees pursuant to U.S.C. § 1692K(a)(3), and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Michael J. Vitoria, Esquire
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 0135534
MVitoria@forthepeople.com
AFloyd@forthepeople.com
KReynolds@forthepeople.com
Attorney for Plaintiff

5